AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| United States of America | ) |  |  |
|---|---|---|---|
| v. | ) |  |  |
| Tanmaya Kabra | ) | Case No. | 1:19-mj-02257-MBB-1 |
| *Defendant* | ) |  |  |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

❏ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ❏ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☑ Lack of stable employment
☑ Lack of stable residence
☑ Lack of financially responsible sureties

- ☑ Lack of significant community or family ties to this district
- ☑ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

    The evidence at the detention hearing provided ample evidence to support a finding of probable cause that the defendant, who has held himself out as a successful serial entrepreneur, venture capitalist and angel investor, conducted a fraudulent scheme misleading investors to obtain funds, in excess of several hundred thousand dollars, that were not used for a legitimate purpose and, in addition, defrauding a federally insured financial institution.  The defendant deposited investor funds into his personal accounts and used the funds for personal expenditures such as paying credit card bills and purchasing a boat costing in excess of $250,000.  In addition, bank records show that the defendant has made numerous transfers of funds overseas.  One bank has already closed one of his accounts and charged off over $76,000.

    The 25-year-old defendant is a naturalized American citizen who was born in India.  He has a U.S. passport and he maintains Indian "overseas citizenship," which entitles him to travel in and out of India freely and to stay in India indefinitely.  According to the Pretrial Services report, the defendant's recent travel includes trips to the United Kingdom, Germany, Portugal, Spain, France, the Netherlands, Russia, United Arab Emirates, Italy, Greece, Switzerland, Africa, Dubai, Indonesia, Thailand, Malaysia, Hong Kong, Mexico, the Dominican Republic and Singapore, where his parents and 14-year-old brother reside.

    The defendant was arrested at Logan International airport in Boston boarding a flight to London on his way to Italy with his girlfriend, Alma Tambone.  At the time of his arrest, the defendant had a diamond engagement ring in his luggage from Shreve, Crump and Low which was purchased with a $35,000 personal check from the defendant's account at Santander Bank, which lacked the funds to cover the check.

    When interviewed by Pretrial Services, the defendant stated that since graduating from Babson College in 2015 he has been residing at various apartments in Boston, where he was paying $7,500 a month in rent.  In June he vacated the most recent apartment and moved some of his belongings to an apartment in Weehawken, New Jersey, owned by his parents.  He explained that this was with the intent of moving in with his girlfriend and her family at the Wenham residence where he proposes to reside if released.  It has been brought to this court's attention that the residence has recently been placed on the real estate market.

    The defendant is single, has no family living in the United States, and does not own any real estate.  He has lived at several locations in Boston since graduating from college and starting a business, which now appears to be defunct.  On the advice of counsel when interviewed by Pretrial Services, the defendant declined to answer questions regarding employment, income, business assets and/or liabilities.  He noted that he has two personal bank accounts with a combined balance of $65.

    It should also be noted that the defendant is the subject of a civil suit brought against him and his business entities by the Securities and Exchange Commission (Civil Action No.19-11676-NMG) filed in this court on August 5, 2019.  On August 6, 2019, the court in that action granted a temporary restraining order freezing all of the defendant's assets.  The defendant is charged with misappropriating the funds of his investors in the civil case.

    The defendant is facing serious criminal charges which carry substantial criminal penalties, including fines, as well as a complex civil suit, which may result in serious financial consequences.  It is clear from the testimony at the detention hearing and the information in the Pretrial Services report that the defendant has family residing overseas and has the birthright to reside in a country outside the United States from which extradition is a lengthy and complex process.  He is very well versed in international travel and has had access to large sums of cash in the past.  He was arrested leaving the country with a substantial tangible asset and leaving extensive debts in Massachusetts as outlined at the detention hearing.

    This court finds by a preponderance of the evidence that there are no conditions or combination of conditions that will assure the appearance of the defendant.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 08/23/2019            /s/ Marianne B. Bowler
                            United States Magistrate Judge