```
 1                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
 2

 3

 4                                      )
     UNITED STATES OF AMERICA,          )
 5                                      )
              Plaintiff,                )
 6                                      ) Criminal Action
     v.                                 ) No. 1:19-mj-02257-MBB-1
 7                                      )
     TANMAYA KABRA,                     )
 8                                      )
              Defendant.                )
 9                                      )

10

11          BEFORE THE HONORABLE MARIANNE B. BOWLER
                 UNITED STATES MAGISTRATE JUDGE
12

13
                       INITIAL APPEARANCE
14

15
                        August 5, 2019
16

17
              John J. Moakley United States Courthouse
18                        Courtroom No. 25
                         One Courthouse Way
19                    Boston, Massachusetts 02210

20

21
                      Linda Walsh, RPR, CRR
22                    Official Court Reporter
              John J. Moakley United States Courthouse
23              One Courthouse Way, Room 5205
                   Boston, Massachusetts 02210
24                    lwalshsteno@gmail.com

25
```

```
 1     APPEARANCES:

 2     On Behalf of the Government:

 3          UNITED STATES ATTORNEY'S OFFICE
            By: AUSA Christopher R. Looney
 4          One Courthouse Way
            Boston, Massachusetts 02210
 5          617-748-3287
            Christopher.Looney@usdoj.gov
 6
       On Behalf of the Defendant:
 7
            YANNETTI LAW FIRM
 8          By: Gregory L. Johnson, Esq.
            44 School Street, #1000A
 9          Boston, Massachusetts 02108
            617-338-6006
10          greg@yannettilaw.com

11

12

13
                  Proceedings recorded by sound recording and
14                   produced by computer-aided stenography

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      P R O C E E D I N G S
 2              (Recording begins at 3:02:29)
 3              THE CLERK:  United States District Court for the
 4   District of Massachusetts is now in session, the Honorable
 5   Marianne B. Bowler presiding.  Today is August the 5th, 2019,
 6   in the case of United States versus Kabra, Magistrate Judge
 7   Action 19-2257, which will now be heard before the Court.
 8              Will counsel please identify themselves for the
 9   record.
10              MR. LOONEY:  Good afternoon, Your Honor.  Chris Looney
11   on behalf of the United States.
12              THE COURT:  Thank you very much.
13              MR. JOHNSON:  And good afternoon, Your Honor.  Greg
14   Johnson on behalf of Mr. Kabra.
15              THE COURT:  Thank you very much.
16              Mr. Kabra, if you'd please stand.  I'm Magistrate
17   Judge Bowler.  This hearing is your initial appearance before
18   the Court.  We're here because you have been charged in a
19   Federal criminal complaint.
20              At this hearing, I will advise you of your
21   Constitutional and legal rights.  I will tell you about the
22   charges against you and the penalties that this Court could
23   impose if you are found guilty.
24              You have been charged with wire fraud in violation of
25   18 United States Code Section 1343, and bank fraud in violation
```

1  of 18 United States Code Section 1344.
2           What are the maximum penalties, please?
3           MR. LOONEY:  The charge of wire fraud carries a
4  maximum penalty of 20 years in prison, three years of
5  supervised release, a fine of $250,000 or twice the gross gain
6  or loss resulting from the offense, whichever is greater, and a
7  special assessment of $100.
8           The charge of bank fraud carries a maximum sentence of
9  30 years in prison, three years of supervised release, a fine
10 of $1 million or twice the gain or loss resulting from the
11 offense, again, whichever is greater, and a special assessment
12 of $100.
13          THE COURT:  Thank you.  I'll tell you about your right
14 to counsel, and I'll consider conditions of release pending
15 further court proceedings; that is, whether or not you should
16 be detained or what amount of bail should be set.  This is not
17 a trial, and you will not be called upon to answer the charges
18 at this time.  If at any time I say something you don't
19 understand, please interrupt me and say so.  Is that clear?
20          THE DEFENDANT:  Yes, Your Honor.
21          THE COURT:  As a first step in this hearing, I'm going
22 to tell you about your Constitutional rights.  You have the
23 right under the Constitution of the United States to remain
24 silent.  Any statement made by you may be used against you in
25 court, and you have the right not to have your own words used

1  against you.
2          You may consult with an attorney prior to any
3  questioning, and you may have the attorney present during
4  questioning.  Counsel will be appointed without charge if you
5  cannot afford counsel.  If you choose to make a statement or to
6  answer questions without the assistance of counsel, you may
7  stop answering at any time.  This right means you do not have
8  to answer any questions put to you by law enforcement agents or
9  by the Assistant United States Attorney.  I want to make it
10 clear that you're not prohibited from making statements, but
11 that if you do, they can be used against you.
12         You're not required to make a statement at this
13 initial appearance, and any statement you do make may be used
14 against you.
15         Finally, if I ask you any questions here in this
16 hearing or at any future hearing which you think might
17 incriminate you, you have the right not to answer.
18         Do you understand everything I've said about your
19 right to remain silent?
20         THE DEFENDANT:  I do, Your Honor.
21         THE COURT:  As I said earlier, you have the right to
22 retain counsel, to be represented by counsel, and to have the
23 assistance of counsel at every critical stage of these
24 proceedings.  You have the right to an attorney at this initial
25 appearance, during any questioning, at any line-up, and at all

```
 1   proceedings in court.  You also have the right to have this
 2   court assign counsel if you cannot afford counsel or cannot
 3   obtain counsel.  Can you afford a lawyer?
 4           THE DEFENDANT:  Yes, Your Honor.
 5           THE COURT:  And it's your wish to have counsel of
 6   record?
 7           THE DEFENDANT:  Yes, Your Honor.
 8           THE COURT:  All right.  If at some later time during
 9   these proceedings you can no longer afford an attorney, I'll
10   provide you with a financial affidavit.  The information you
11   would put in the financial affidavit would assist me in
12   determining whether or not you're eligible for the appointment
13   of counsel.  The affidavit is filed under the pains and
14   penalties of perjury, which means if the information you put in
15   the affidavit is false, you could be prosecuted for perjury;
16   and if convicted, be subject to a fine of up to $250,000 and/or
17   five years in jail.
18           I'm going to ask you some questions now for the sole
19   purpose of bail.  I will ask that you be sworn.  None of these
20   questions is designed to incriminate you.  If you do not wish
21   to answer, you do not have to, and you may consult with your
22   counsel before answering each and every question.
23           Will you please swear the witness -- rather, the
24   Defendant.
25           THE CLERK:  Please raise your right hand.
```

```
 1              (Defendant sworn.)
 2              THE DEFENDANT:  I do.
 3              THE COURT:  Please state your name for the record.
 4              THE DEFENDANT:  Tanmaya Kabra.
 5              THE COURT:  And your address?
 6              THE DEFENDANT:  1000 Avenue at Port Imperial,
 7   Apartment 705, Weehawken, New Jersey 07086.
 8              THE COURT:  Were there any Title IIIs here?
 9              MR. LOONEY:  No, Your Honor.
10              THE COURT:  Your telephone number?
11              THE DEFENDANT:  617-259-8145.
12              THE COURT:  And your age?
13              THE DEFENDANT:  25.
14              THE COURT:  The year you were born?
15              THE DEFENDANT:  1993.
16              THE COURT:  And where were you born?
17              THE DEFENDANT:  New Delhi, India.
18              THE COURT:  And the last four digits of your Social
19   Security number?
20              THE DEFENDANT:  4202.
21              THE COURT:  Where did you go to high school and how
22   far did you go in school?
23              THE DEFENDANT:  I went to Babson College.  I graduated
24   undergrad.
25              THE COURT:  Are you married or single?
```

```
 1              THE DEFENDANT:  Single.
 2              THE COURT:  Do you have any children?
 3              THE DEFENDANT:  No.
 4              THE COURT:  Are you employed?
 5              THE DEFENDANT:  Yes.
 6              THE COURT:  And how are you employed?
 7              THE DEFENDANT:  Self.
 8              THE COURT:  What sort of work do you do?
 9              THE DEFENDANT:  Technology consulting and venture
10    capital.
11              THE COURT:  Do you have family in Massachusetts?
12              THE DEFENDANT:  No.
13              THE COURT:  Do you have a passport?
14              THE DEFENDANT:  Yes.
15              THE COURT:  More than one?
16              THE DEFENDANT:  I have an overseas citizenship of
17    India, just used only when entering and exiting.
18              THE COURT:  You have a U.S. passport as well?
19              THE DEFENDANT:  Yes.
20              THE COURT:  Have you ever been arrested?
21              THE DEFENDANT:  Never.
22              THE COURT:  All right.  You may be seated.
23              THE DEFENDANT:  Thank you.
24              THE COURT:  What's the Government seeking?
25              MR. LOONEY:  We're seeking detention pursuant to 18
```

1    U.S.C. 3142(f)(2)(A) on the grounds that he poses a flight
2    risk.  There are several factors that go into that
3    recommendation, but first, it's the overseas ties that he
4    maintains through his family, including family in India, as
5    well as carrying an overseas passport from India.
6           Second, he has represented on many occasions that he
7    maintains and has access to financial resources overseas.  He's
8    made reference to the two --
9           THE COURT:  Okay.  It's not a detention hearing, so
10   we'll get to that.
11          MR. LOONEY:  Third, the seriousness of the charges.
12          And, finally, the charges that involve significant
13   deception all lead to possible --
14          THE COURT:  But you are moving on risk of flight?
15          MR. LOONEY:  Risk of flight including the capacity to
16   deceive and achieving that.
17          THE COURT:  All right.  Mr. Johnson, have you thought
18   about a detention hearing?
19          MR. JOHNSON:  We have, Your Honor, and we
20   discussed -- what my client would not object to is detention
21   without prejudice, and Mr. Looney and I discussed a hearing on
22   Wednesday of this week, if that can be accommodated by the
23   Court.
24          THE COURT:  What do you have, Mr. Putnam?  It's not up
25   to your client at this point.

```
 1              MR. JOHNSON:  Understood.
 2              THE COURT:  Once the Government moves, the Government
 3    has the right to hold him for three days under the statute.
 4              THE CLERK:  We can do it the -- Wednesday, the 7th, is
 5    this the day we're talking about?
 6              MR. JOHNSON:  Yes.
 7              MR. LOONEY:  Yes.
 8              THE COURT:  Do we have mediation in the morning?
 9              THE CLERK:  I'm sorry.  We're on emergency so I'm
10    trying to -- how about 10:30 -- quarter of 11:00, 10:45.
11              THE COURT:  Work for you?
12              MR. JOHNSON:  That does.  Thank you.
13              THE COURT:  All right.
14              MR. LOONEY:  Let me check.  I think we discussed the
15    afternoon.
16              THE COURT:  Is your agent available?
17              MR. LOONEY:  I'll have to check with that as well.
18              THE COURT:  Well, you'd better check right now.
19              U.S. PROBATION:  And for Pretrial Services, that won't
20    be very much time to do the interview and get a report written.
21    We could get the interview done and maybe the report.
22              THE CLERK:  I'll tell you what, let's do it at 2:00 in
23    the afternoon.
24              THE COURT:  2:15 or 2:30?  2:30.
25              MR. LOONEY:  I don't think we can accommodate that.
```

1   An alternative date we discussed was Friday.  May I check with
2   the agent quickly?
3           (Pause.)
4           THE COURT:  What's your preference, Wednesday or
5   Friday?
6           MR. LOONEY:  I just spoke with the agent.  He's
7   actually going to be away on both dates.  I was going to ask if
8   it's possible to do it on the following Monday.
9           THE COURT:  It's up to you.
10          MR. JOHNSON:  I'm going to be out of state, Your
11  Honor.  I wouldn't be able to do anything next week.
12          THE COURT:  Well, Wednesday, get another agent.
13          MR. LOONEY:  We can do Wednesday afternoon, and we'll
14  find an agent to take care of it.
15          THE COURT:  All right.  And if you're arguing for
16  release, your client has to be interviewed first.  All right?
17          MR. JOHNSON:  Understood.
18          THE COURT:  All right.  In the interim, the Defendant
19  is remanded to the custody of the agents in the courtroom to be
20  delivered to the United States Marshal.
21          Mr. Kabra, did you understand everything that went on
22  here today?
23          THE DEFENDANT:  Yes, Your Honor.
24          THE COURT:  All right.  All right.  We stand in
25  recess.

```
 1          MR. JOHNSON:  Thank you, Madam Magistrate.
 2          THE COURT:  You're welcome.
 3       (Recording ends at 3:13:24)
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3          I, Linda Walsh, Registered Professional Reporter
 4   and Certified Realtime Reporter, in and for the United States
 5   District Court for the District of Massachusetts, do hereby
 6   certify that the foregoing transcript is a true and correct
 7   transcript of the stenographically reported proceedings held in
 8   the above-entitled matter to the best of my skill and ability.
 9               Dated this 25th day of August, 2019.
10
11
12                    /s/ Linda Walsh_____
13                    Linda Walsh, RPR, CRR
14                    Official Court Reporter
15
16
17
18
19
20
21
22
23
24
25
```